# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Russell Allen Johnson, Kimberly Johnson,
individually and Russell Allen Johnson
and Kimberly Johnson, as next friend
to K.J., a minor,

      Plaintiffs,                            Case No. 14-cv-10921
                                                  Hon. Judith E. Levy
v.                                                      Mag. R. Steven Whalen

Mortgage Electronic Registration
Systems, Inc., as Nominee for Accredited
Home Lenders Inc., Accredited Home
Lenders, Inc., Keith Sotiroff, Sotiroff &
Abramczyk, P.C., n/k/a Sotiroff & Bobrin, P.C.,

      Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [18 &19]

This case arises out of plaintiffs Russell Allen Johnson and Kimberly Johnson's claims on behalf of themselves, and as next friend of K.J., that defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Accredited Home Lenders, Inc., Keith Sotiroff ("Sotiroff"), and Sotiroff & Abramczyk, P.C. ("S&A") violated the Servicemembers

Civil Relief Act (the "SCRA"). Plaintiffs allege that defendants (1) started a non-judicial foreclosure of plaintiffs' home with a false affidavit; (2) illegally used that false affidavit to effect the foreclosure without required judicial supervision; (3) failed to toll plaintiffs' protective redemption period before eviction and sale of plaintiffs' home to strangers; (4) evicted plaintiffs while relying on the illegal foreclosure and illegal failure to toll the redemption period; and (5) sold plaintiffs' home and sold/destroyed the contents of plaintiffs' home as well as other property. (Dkt. 1).

Defendant MERS and defendants Sotiroff and S&A filed Motions to Dismiss (Dkts. 18 & 19) for failure to state a claim upon which relief can be granted. Defendants argue that plaintiffs' action is barred by the applicable statute of limitations, fails to state a claim on which relief, and that Kimberly Johnson and K.J.'s claims must be dismissed because they never applied to a court for relief as required by the SCRA.

As discussed below, because the SCRA does not have its own statute of limitations, the first issue for the Court to determine is whether to apply a period of limitations, and if one is appropriate, what

2

statute of limitations applies. Defendants argue that a three-year period of limitations applies under Michigan's conversion/damage to property laws. Plaintiffs propose a range of possible statutes of limitations, including a ten-year limit under Michigan's breach of mortgage law, and an unlimited period pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA").[1]

With respect to Kimberly Johnson and her minor daughter, K.J., the parties dispute whether they applied to a court for protection under the SCRA in a timely manner – defendants argue that such an application had to be done at the time of the foreclosure, while plaintiffs contend that they have properly made such an application by bringing this lawsuit.

For the reasons set forth below, the Court GRANTS defendants' Motions to Dismiss. (Dkts. 18 & 19).

## I. Background

### a. *Factual Background*

---

[1] Plaintiffs raised USERRA's unlimited statute of limitations for the first time at oral argument.

Plaintiff Russell Johnson is a Staff Sergeant in the Armed Services. He executed a mortgage on July 15, 2004, with MERS, as nominee for Accredited Home Lenders, Inc, on property located at 5891 Oakman Boulevard, Detroit, Michigan 48204 (the "property"). Foreclosure proceedings began in December 2005. (Dkt. 18-3). Defendants Sotiroff and S&A were retained by MERS as foreclosure counsel. Plaintiff Russell Johnson was subsequently ordered to active military duty from August 21 through October 19, 2006. He alleges that this period of active duty materially affected his ability to make the required mortgage payments. (Dkt. 22 at 15).

Defendants proceeded with a Non-Judicial Foreclosure Sale on September 28, 2006. Prior to the sale, defendant Sotiroff executed a Non-Military Affidavit stating that that no named person in the notice of mortgage foreclosure was in the military service at the time of the sale or for six months prior. (Dkt. 1-4). The filing of the sheriff's seed with the Register of Deeds triggered the redemption period, which expired on March 28, 2007. On March 22, 2007, defendants filed

eviction proceedings against plaintiffs and evicted them on May 29, 2007.

Russell Johnson was ordered back into active duty from January 14 to February 27, 2008, and from March 1, 2008 to February 28, 2010. Plaintiffs allege that in March 2008, defendants hired third parties to dispose of and destroy their personal possessions and then transferred ownership of the property to a third party on May 12, 2008.

Plaintiffs filed this law suit on February 28, 2014.[2]

### b. *The Servicemembers Civil Relief Act*

The SCRA creates certain protections for service members on active duty. In relevant part:

> a sale, foreclosure, or seizure of property for a breach of an obligation [on real property owned by a servicemember that is secured by a mortgage] shall not be valid if made during, or within one year after, the period of the servicemember's military service except –
>
> > (1) upon a court order granted before such sale, foreclosure, or seizure with a return made and approved by the court; or

---

[2] Plaintiffs served a copy of this complaint on defendant Accredited Home Lenders, Inc. on May 19, 2014. Accredited failed to respond to the complaint, but in light of the statute of limitations discussed below, plaintiffs' claims against Accredited must be dismissed.

> (2) if made pursuant to an agreement as provided in section 107.

50 U.S.C.App. § 533(c).

> The stated purpose of the SCRA is:
>
> (1) To provide for, strengthen, and expedite the national defense through protection extended by this Act to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and
>
> (2) To provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service.

50 U.S.C.App. § 502.

## II.   Legal Standard

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed

factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion to dismiss on statute of limitations grounds "should be granted when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief." *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (citations and quotations omitted)( abrogated on other grounds by *Merck & Co. v. Reynolds*, 559 U.S. 633 (2010)). "What that means in the statute of limitations context is that dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Searcy v. Cnty. of Oakland*, 735 F. Supp. 2d 759, 764 (E.D. Mich. 2010) (citation omitted).

### III. Analysis

#### A. Statute of Limitations

*i. Whether the SCRA Has an Unlimited Statute of Limitations*

Plaintiffs argue that the SCRA provides for an unlimited period of time to sue for violations of the Act. They point to Section 597b of the

SCRA, which states:

> [n]othing in section 801 or 802 [section 597 or 597a of this Appendix] shall be construed to preclude or limit any remedy otherwise available under other law, including consequential and punitive damages.

50 U.S.C. App. §597b. This section makes no mention of an unlimited statute of limitations, but rather, it plainly indicates that sections 597 and 597a do not preempt or limit existing remedies "otherwise available under other law." *Id.*

Accordingly, the Court finds that there is no statute of limitations within the SCRA.

### ii.   *Whether to Apply Analogous State or Federal Law*

When a federal law does not include a statute of limitations, courts typically look to the most analogous state law and adopt its limitations period. *See Reed v. Transportation Union*, 488 U. S. 319, 323 (1989) (applying state personal injury statute to the Labor-Management Reporting and Disclosure Act); *Wilson v. Garcia*, 471 U.S. 261 (1985) (section 1983 civil rights claims are governed by state statutes of limitations for personal injury actions); *McCormick v. Miami Univ.*, 693 F.3d 654, 662 (6th Cir. 2012) (adopting statute of limitations

from Ohio personal injury law to a Section 504 Rehabilitation Act claim). As the Supreme Court has noted, it is a "longstanding" and "settled" principle to borrow statutes of limitations, where there is none in the federal law, from state law. *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995) (internal citations omitted).

The "narrow exception to the general rule [is] based on the common sense that Congress would not wish courts to apply a limitations period that would only stymie the policies underlying the federal cause of action." *Id.* (*quoting Reed*, 488 U.S. at 324). Accordingly, where the analogous state statute of limitations "would frustrate or interfere with the implementation of national policies or be at odds with the purpose or operation of federal substantive law," the courts should look for a statute of limitations "provided by analogous federal law, more in harmony with the objectives of the immediate cause of action." *Id.* (internal quotations and citations omitted). This exception, however, is a narrow one and should only be applied "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, *and* when the federal policies at stake and

9

the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." *Reed* 488 U.S. at 324. The cases where this exception applies are rare. *Id.*

Plaintiffs provide a range of state laws they argue are designed to address conduct they believe is analogous to defendants' alleged violation of the SCRA; however, at oral argument, plaintiffs' counsel argued for the first time that the *North Star* exception should apply and that the Court should look to an analogous federal law. Plaintiffs' counsel argued that the state law statute of limitations proposed by defendants (three years pursuant to Michigan conversion/damage to property laws) is at odds with the SCRA because the state law, for example, does not provide for punitive damages. Plaintiffs urge the Court to turn to USERRA on this question, as it also deals with protections for service members on active duty.

The Court is not persuaded by plaintiffs' arguments. Applying the relevant state law would not frustrate the intent of the SCRA. A state statute of limitations is only "at odds" with the purpose or operation of federal law where the borrowing state statute would "stymie the

10

policies underlying the federal cause of action." *Int'l Ass'n of Machinist and Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 662 (6th Cir. 1997) (citing *North Star*, 515 U.S. at 34). In *North Star*, the Supreme Court examined scenarios that might trigger turning to a federal law. Where a state law, for example, only provided 90 days or some other very short time to file suit, the state statute of limitations "failed to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights" under federal law. *North Star*, 515 U.S. at 36 (*quoting DelCostello v. Int'l Broth. Of Teamsters*, 462 U.S. 151, 166 and n.15 (1983)). A state statute of limitations that provided two years to seek relief under the Worker Adjustment and Retraining Notification Act, on the other hand, was "not short enough to frustrate an employee seeking relief." *Id.*

>As previously noted, the purpose of the SCRA is two-fold:
>
>(1) To provide for, strengthen, and expedite the national defense through protection extended by this Act to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and
>
>(2) To provide for the temporary suspension of judicial and administrative proceedings and transactions that may

adversely affect the civil rights of servicemembers during their military service."

50 U.S.C.App. § 502. In this case, the shortest statute of limitations suggested by defendants is three years. This would provide returning service members at least three years to enforce their rights upon discovery of a violation of the SCRA, and would not frustrate the purpose of the law. Furthermore, contrary to plaintiffs' suggestion, adopting this limitations period would have no impact on the remedies available to plaintiffs under the SCRA.

Accordingly, because there is a state statute of limitations, as set forth below, that is closely related to the claims set forth in this case, application of state law to the claims in this case is appropriate. Because there is a Michigan law that provides a statute of limitations that does not frustrate the purpose of the SCRA, there is no need to look to USERRA as an alternative as "it is simply beside the point that [] a perfectly good federal analogue exists." *North Star*, 515 U.S. at 37.

### iii. *Length of Statute of Limitations Under the SCRA*

Next, the Court must determine what state statute is most analogous to SCRA.

Plaintiffs first propose utilizing an unlimited statute of limitations for egregious acts under Michigan criminal law. *See* M.C.L. § 767.24. Although plaintiffs allege they have been deeply harmed by the loss of their home and personal property, and the Court is respectful of this claim, their complaint does not set forth facts that would support a criminal prosecution, and indeed, this is a civil case. Furthermore, certain conduct can trigger violations of both criminal and civil statutes, but the statutes of limitations are very different. *Compare* M.C.L. § 767.24(1) (no statute of limitations for murder) *with* § 600.5805(10) (three years for wrongful death). Plaintiffs' argument that the Court should look to Michigan's criminal code for a statute of limitations is not persuasive in light of the allegations in this complaint.

In the alternative, plaintiffs argue for a ten-year statute of limitations under Michigan law for breach of contract. MCL § 600.5807. ("Damages for breach of… mortgages"). Plaintiffs contend that the allegedly unlawful foreclosure violated the terms of the mortgage and sheriff's deed. As applied to defendants Sotiroff and S&A, this statute is not analogous because neither were parties to the mortgage

13

agreement. More generally, Michigan's breach of mortgage statute is not analogous to the SCRA because plaintiffs have not pled that any covenant in their mortgage agreement was violated.

Finally, in the alternative, plaintiffs propose a six-year statute of limitations drawn from M.C.L. §600.5813 (setting a six-year statute of limitations for all civil actions unless a different period is set in the statute).[3] Plaintiffs, however, fail to point to any Michigan civil liability statute analogous to the current facts that would fall under this catch-all statute of limitations. The Court has found no such analogous statute that would apply.

The three-year statute of limitations pursuant to Michigan law regarding civil claims for conversion is most analogous to plaintiffs' allegations. *See* M.C.L. §§ 600.5805(10) and 600.2919a(1)(a); *Thoma v. Tracy Motor Sales, Inc.*, 360 Mich. 434, 437 (1960) (defining conversion as "any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein.")

---

[3] Plaintiffs also suggest that the Court draw a six-year statute of limitation from M.C.L. § 767.24(6) (six-year statute of limitations to file indictments for all actions not included in the law) as it relates to the quasi criminal violations of SCRA. The same analysis used above with respect to differences between the criminal and civil codes applies here.

While plaintiffs dispute that this claim is about damage to or conversion of property, plaintiffs' complaint demonstrates otherwise as it repeatedly references the loss of personal property, the loss of real property, and the resulting emotional distress. (Dkt. 1 at 7-10). The heart of plaintiffs' complaint, indeed, is their allegation that defendants unlawfully deprived them of their rights to their property during the foreclosure and subsequent eviction. (*Id.*).

Accordingly, the Court will adopt a three-year statute of limitations pursuant to M.C.L. §§ 600.5805(10) and 600.2919a(1)(a).

### *a. Whether the Statute of Limitations Has Run*

Under the SCRA, the statute of limitations period tolls when the plaintiff is on active duty. 50 U.S.C. App. § 526(a) ("The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court…").

The limitations period begins to run from the date the claim accrues. *See Corp. Auto Resource Specialists v. Melton Motors, Inc.*, 2005 WL 1028225 at *4 (E.D. Mich. 2005) (quoting *Horvath v. Delida*,

213 Mich.App. 620 (Mich.Ct.App. 1995)). The latest possible date this could be is when plaintiffs' home was sold and transferred to a third party purchaser on May 12, 2008. Under the SCRA, the statute of limitations would have been tolled until plaintiff Russell Johnson returned from active duty on February 28, 2010. *See* 50 U.S.C.App. § 526(a). Even adopting this latest possible date, the statute of limitations ran on February 28, 2013, one year before plaintiffs brought this lawsuit.[4]

Accordingly, plaintiff Russell Johnson's claims against defendants will be dismissed as barred by the three-year statute of limitations.

>    iv.   Kimberly Johnson and Minor Plaintiff K.J.

The SCRA provides that:

> Upon application to a court, a dependent of a servicemember is entitled to the protections of this title if the dependent's

---

[4] Plaintiffs also argue that they should be able to challenge the foreclosure sale because, due to the fraudulent statements on the sheriff's deed, the redemption period never lawfully started and therefore never ended. First, the Court does not concur with plaintiffs' interpretation. While Congress created certain protections under the SCRA, there is no evidence (in the text of the statute or elsewhere) that Congress intended to provide servicemembers with an unlimited period of time to redeem foreclosed property even where there are potential violations of the SCRA. Second, plaintiffs do not allege that they attempted to redeem the property.

>ability to comply with a lease, contract, bailment, or other obligation is materially affected by reason of the servicemember's military service.

50 U.S.C.App. § 538. Plaintiffs claim that this lawsuit is the "application to a court" that triggers Kimberly Johnson and K.J.'s entitlement to protection under the SCRA.

Plaintiffs have failed to allege facts to show that Kimberly Johnson and K.J. is entitled to the protections of the SCRA. They do not allege, for example, that Kimberly Johnson and K.J.'s "ability to comply with [the mortgage was] materially affected…" Moreover, plaintiffs have not set forth a claim for damages under the SCRA with respect to K.J. The damages alleged relate to Russell and Kimberly Johnson alone. (Dkt. 1).[5]

---

[5] Even if plaintiffs had alleged damages suffered by K.J, the Court would still dismiss her claims as untimely. By including section 538 as part of the SCRA, Congress intended to allow dependents to stand in the shoes of service members on active duty. Congress, aware that active duty could take service members away from home for significant periods of time, provided dependents a tool to protect and invoke their rights under the SCRA when the service member is unable to do so. To adopt plaintiff's approach would result in tremendous uncertainty – allowing the children of servicemembers to challenge allegedly wrongful foreclosures more than a decade after they occur. There is no evidence that Congress intended to provide an action for a dependent when the servicemember himself would be barred from bringing that same claim.

Accordingly, Kimberly Johnson and minor K.J.'s claims will be dismissed.[6]

## v. **Conclusion**

Accordingly, IT IS HEREBY ORDERED:

Defendants Motions to Dismiss (Dkts. 18 and 19) are GRANTED and this case is DISMISSED.

Dated: November 25, 2014　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 25, 2014.

　　　　　　　　　　　　　s/Felicia M. Moses
　　　　　　　　　　　　　FELICIA M. MOSES
　　　　　　　　　　　　　Case Manager

---

[6] Even if Kimberly Johnson could bring this action as a dependent under the SCRA, her claims would still be barred by the three-year statute of limitations.

18